IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLEMENCIA AGUILAR, Individually and as Personal Representative of the ESTATE OF EDILBERTO AGUILAR, SR. (Deceased Spouse), and as Next Friend of ROBERTO AGUILAR (Minor Child); and EDILBERTO AGUILAR, JR. (Minor Child); DOMINGO SANCHEZ and DOROTEA SANCHEZ, Individually and as Personal Representatives of the ESTATE OF JOSE I. SANCHEZ (Deceased Son) and as Next Friend of ESMERALDA SANCHEZ (Minor Child), | § § § § § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | SA-08-CV-0869 XR |
| THE GOODYEAR TIRE & RUBBER CO.; GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.; GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD, LLC; GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. d/b/a REMINGTON TIRE CORP.; and REMINGTON TIRES in its Assumed or Common Name, | § § § § § § § § § § § | |
| Defendants. | § | |
| ***************************************  | § | |
| THE GOODYEAR TIRE & RUBBER CO., and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., | § § § § | |
| Counter-Plaintiffs, | § § | |
| v. | § § | |
| FRANCISCO C. CASTRO, | § § § | |
| Counter-Defendant. | § | |

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER (#19)**

The matter before the Court is defendants' motion for protective order, and the response and reply thereto. By its motion defendants ask that the standard protective order be modified to restrict how plaintiffs use their responses to discovery which have been designated as confidential. The motion arises in a wrongful death action with product liability claims, specifically alleging manufacturing and design defects in a tire. Defendants allege that without the protections they propose there is likelihood that confidential trade secrets could be disclosed resulting in substantial harm to defendants.

The applicable rule is Federal Rule of Civil Procedure 26(c)(7) which allows the Court to make any order which justice requires to protect a trade secret or other confidential information. Defendants have adequately supported their claim of confidential trade secret with the affidavit of Larry Shelton attached to the motion.

**Sharing Provision**: Defendants propose that the protective order restrict plaintiffs from sharing discovered information with parties and their attorneys in other related litigation, as well as with court reporters, videographers and outside litigation support persons. Plaintiffs have not shown that disclosure to these additional persons is necessary. In contrast, defendants have explained that unauthorized disclosures have occurred in other litigation and the harm that results therefrom. Plaintiffs modifications of the proposed protective order in this respect are overruled.

**E-mail transmissions**: Defendants ask that confidential documents be exchanged by discs or other physical media to "covered persons" to lessen the likelihood of inadvertent disclosure. Defendants also ask that confidential information exchanged with experts and consultants be in hard copy format only. Plaintiffs ask that they be allowed to exchange the documents with covered persons by e-mail attachment and that they be allowed to send

confidential documents to their experts by electronic means. While plaintiffs correctly observe that electronic communication has become the norm in the business world and that the ability to share the documents electronically facilitates their collaboration with their experts, the Court agrees with defendants that unintended disclosures are more likely to occur because of the very ease of e-mail, particularly the ability to forward large files to other than authorized persons and duplicate large files electronically quickly and inexpensively. Plaintiffs have not shown that they would be hindered significantly in litigating this case by sharing information the way others have done for decades.[1] Plaintiffs' objection to this portion of the proposed protective order is also overruled.

**Designations of Portions of Transcripts**: Defendants propose that if a portion of a document is deemed confidential the entirety of that document is confidential for purposes of the protective order. Plaintiffs urge the Court to enter an order consistent with the standard protective order adopted by the Western District.[2] Defendants have not explained why the standard order is not adequate in this case, and their motion for protective order as to this provision is overruled.

**Other Issues**: The Court is uncertain whether additional issues involved in finalizing the Protective Order remain. In order to assist the parties by promptly entering a protective order so that discovery may proceed without undo delay, the parties are **ORDERED** to appear on **Friday, May 22, 2009 at 2:00 p.m.**, in Courtroom C, Fourth Floor, John H. Wood, Jr. United States

---

[1] To the extent a confidential document is required to be submitted to the Court, the parties may submit an electronic version of the document. **See** Administrative Polices & Procedures for Electronic Filing, Sec. 10.

[2] Local Rules for the Western District of Texas, Appendix H.

Courthouse, 655 East Durango Boulevard, San Antonio, Texas 78258, for the purpose of presenting any remaining disputes to the undersigned. If no disputes remain, the parties may submit their joint proposed protective order which incorporates the above rulings to the chambers of the undersigned for entry prior to the date of this hearing and their appearance is then excused.

**SIGNED** on May 18, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE